OPINION
On April 21, 2000, Deputy Philip Snider of the Muskingum County Sheriff's Department was dispatched in reference to a vehicle in a ditch. While en route to the location, Deputy Snider observed appellant, Becky Reilly, walking along side the road. Deputy Snider stopped to investigate and discovered that appellant was the driver of the vehicle in the ditch. After investigating the matter further, Deputy Snider cited appellant for driving under the influence of alcohol in violation of R.C.4511.19(A)(3) and failure to control in violation of R.C. 4511.202. On June 13, 2000, appellant filed a motion to suppress claiming the breath test was not taken within two hours of the alleged violation and Deputy Snider did not have probable cause to arrest appellant. A hearing was held on August 9, 2000. Thereafter, the trial court denied said motion. On August 23, 2000, appellant pled no contest to the charges. The trial court found appellant guilty and sentenced her to three days in jail and imposed a $450 fine plus court costs. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT ERRED IN OVERRULING THE MOTION TO SUPPRESS APPELLANT'S BREATH TEST SINCE THE STATE FAILED TO PROVE THE TEST WAS ADMINISTERED WITHIN 2 HOURS OF HER OPERATION OF THE VEHICLE AS REQUIRED IN O.R.C. 4511.19(D).
 II THE TRIAL COURT ERRED IN FINDING PROBABLE CAUSE EXISTED TO ARREST APPELLANT IN THAT THE OFFICER DID NOT VIEW OPERATION OF THE VEHICLE AND APPELLANT COMMITTED NO UNLAWFUL VIOLATIONS PRIOR TO HER BEING ARRESTED BY PLACING HER IN THE POLICE CRUISER.
Both assignments of error challenge the trial court's denial of appellant's motion to dismiss. There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are again the manifest weight of the evidence. State v. Fanning (1982), 1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 485; State v. Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v. Williams (1993),86 Ohio App.3d 37 . Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93; State v. Claytor (1993), 85 Ohio App.3d 623; Guysinger. As the United States Supreme Court held in Ornelas v. U.S. (1996), 116 S.Ct. 1657, 1663, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
 I
Appellant claims the trial court erred in denying her motion to suppress the results of her breath test because no evidence was presented to prove that it had been administered according to the regulations set forth by the Department of Health. We agree. Appellant was charged with violating R.C. 4511.19(A)(3) which states as follows: (A) No person shall operate any vehicle, streetcar, or trackless trolley within this state, if any of the following apply:
 (3) The person has a concentration of ten-hundredths of one gram or more but less than seventeen-hundredths of one gram by weight of alcohol per two hundred ten liters of the person's breath;
This subsection establishes an irrebuttable presumption if the results of a breath test are done according to the regulations set forth by the Department of Health. See, State v. Adams (1992), 73 Ohio App.3d 735. R.C. 4511.19(D)(1) specifically provides that a breath test must be administered within two hours of the alleged violation: (D)(1) In any criminal prosecution or juvenile court proceeding for a violation of this section, of a municipal ordinance relating to operating a vehicle while under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse, or of a municipal ordinance relating to operating a vehicle with a prohibited concentration of alcohol in the blood, breath, or urine, the court may admit evidence on the concentration of alcohol, drugs of abuse, or alcohol and drugs of abuse in the defendant's blood, breath, urine, or other bodily substance at the time of the alleged violation as shown by chemical analysis of the defendant's blood, urine, breath, or other bodily substance withdrawn within two hours of the time of the alleged violation.
Deputy Snider observed appellant walking along side the road at 1:26 a.m., approximately eight minutes after he had been dispatched to the scene of a vehicle in a ditch. T. at 6. The vehicle was about one hundred feet from where Deputy Snider had stopped appellant. T. at 8. Appellant admitted it was her vehicle in the ditch. T. at 7. Deputy Snider conducted an investigation and determined appellant was under the influence of alcohol. T. at 8-10, 11-15. A breath test was administered at 2:42 a.m. T. at 16. There is no testimony or evidence to establish that the vehicle had been operated within the two hour time frame from the breath test. Upon review, we find the trial court should have granted the motion to suppress the breath test. Assignment of Error I is granted.
 II
Appellant claims the trial court erred in determining there was probable cause to arrest appellant. We disagree. The law on probable cause has developed from the United States Supreme Court's holding in Illinois v. Gates (1983), 462 U.S. 213. Probable cause to arrest is not synonymous to probable cause for search. Arrest focuses on the prior actions of the accused. Probable cause exists when a reasonable prudent person would believe that the person arrested had committed a crime. State v. Timson (1974), 38 Ohio St.2d 122. A determination of probable cause is made from the totality of the circumstances. Factors to be considered include an officer's observation of some criminal behavior by the defendant, furtive or suspicious behavior, flight, events escalating reasonable suspicion into probable cause, association with criminals and location. Katz, Ohio Arrest, Search and Seizure (1995), 77-81, Section T. 3.05(A), (B) and (C). Appellant argues her arrest was effectuated when Deputy Snider placed her into his cruiser. Appellant's Brief at 7. We agree that this was the operative time of arrest. Within Deputy Snider's knowledge at that time was the fact that he observed appellant walking along side the road at 1:26 a.m. and "I noted she had urinated her pants and had vomited all over herself." T. at 6. Deputy Snider asked appellant if "she had wrecked her vehicle" and appellant stated "she had her vehicle in a ditch." T. at 7. Clearly these facts give rise to the issue of some probable cause for detention and further investigation. We concur with the trial court that probable cause existed to detain appellant. Assignment of Error II is denied.
The judgment of the County Court of Muskingum County, Ohio is hereby affirmed in part, reversed in part and remanded.
By Farmer, J. and Reader, V.J. concur.
Hoffman, P.J. concurs separately.